JOSEPH J. LYNCH, PLAINTIFF, v. JOSEPH ZEILENBACH, DEFENDANT.

Submitted October term, 1925—Decided January 28, 1926.

**Negligence—Motor Vehicle Collision—Driver of Defendant's Car was Driving Without Permission to Drive the Particular Car in Question and was Not at Time of Accident on Any Business of Defendant.**

On rule to show cause.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff, *Alfred A. Stein.*

For the defendant, *Tiffany, Brugler & Wittreich.*

PER CURIAM.

The plaintiff obtained a judgment for personal injuries growing out of a collision between an automobile in which he was riding and an automobile driven by Helen Sebbins,

the housekeeper of the defendant. The accident occurred on May 19th, 1924, at the intersection of Maple and Summer streets, in the city of Elizabeth. The defendant writes down five reasons for a new trial—

First. Verdict contrary to the weight of the evidence.

Second. Contary to law.

Third. Contrary to the charge of the court.

Fourth. Error in refusing to grant the motion for a directed verdict.

Fifth. The damages are excessive.

The undisputed testimony shows that Miss Sebbins had no permission or authority from the defendant to drive the Studebaker car, which caused the plaintiff's injury, and that she was not driving the car at the time of the accident on any business of the defendant or for his benefit. The case is controlled by the case of *Eldridge* v. *Calhoun,* 95 *N. J. L.* 168, which is directly in point. It should appear that the service performed was for the benefit of both the master and the servant, if the master is to be held liable. *Depue* v. *Salmon Co.,* 92 *Id.* 550; so, in *Cronecker* v. *Hall,* 92 *Id.* 450.

The rule to show cause is made absolute.